UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 13-03483 DMG (MANx)** | Date | May 20, 2013 |
| Title | *Satish Shetty v. Selene Finance, LP, et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

On May 15, 2013, Plaintiff Satish Shetty filed a Complaint in this Court against Defendants Selene Finance, LP; DLJ Mortgage Capital, Inc.; Resmae Mortgage Corp.; Mortgage Electronic Registration Systems, Inc.; Quality Loan Service Corp.; Select Portfolio Servicing, Inc.; U.S. Bank, N.A.; Credit Suisse First Boston Mortgage Securities Corp.; Credit Suisse Securities USA, LLC; Chicago Title Insurance Co.; Donna Brammer; and Does 1-10, inclusive. [Doc. # 1.] The Complaint alleges the following causes of action: (1) fraud; (2) cancellation of instrument; (3) conversion; (4) unjust enrichment; (5) quiet title; (6) declaratory relief under 28 U.S.C. §§ 2201, 2202; (7) injunctive relief; (8) violation of Cal. Bus. & Prof. Code § 17200 *et seq.*; (9) violation of Cal. Civ. Code § 2934; and (10) an accounting.

Plaintiff asserts subject matter jurisdiction based on the existence of a federal question, 28 U.S.C. § 1331. (Compl. ¶ 2.) The only federal question asserted, however, is the claim for declaratory relief under 28 U.S.C. §§ 2201 to 2202. The operation of the Declaratory Judgment Act is procedural only and therefore does not confer federal question jurisdiction. *Cal. Shock Trauma Air Rescue v. St. Comp. Ins. Fund*, 636 F.3d 538, 543 (9th Cir. 2011) (quoting *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S. Ct. 876, 94 L. Ed. 1194 (1950)). Accordingly, without a federal question to confer subject matter jurisdiction, this Court lacks jurisdiction under 28 U.S.C. § 1331.[1]

Plaintiff also asserts subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332(a). (Compl. ¶ 4.) To establish diversity jurisdiction, there must be "complete

---

[1] In its jurisdictional statement, the Complaint asserts jurisdiction based upon a number of other federal statutes, including 28 U.S.C. § 1342; 12 U.S.C. § 2605; 15 U.S.C. § 1692; and 42 U.S.C. § 1983. (Compl. ¶ 2.) These claims are not included in the body of the Complaint and it does not appear that Plaintiff intends to seek relief under these statutes. Thus, the passing reference to these statutes does not indicate the presence of a federal question.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 13-03483 DMG (MANx)** | Date | May 20, 2013 |
| Title | *Satish Shetty v. Selene Finance, LP, et al.* | Page | 2 of 2 |

diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806)). Plaintiff is a citizen of California. (Compl. ¶ 6.) The Complaint also alleges that Defendants Quality Loan Servicing Corp. and Security Union Title Company are California corporations and therefore California citizens. (*Id.* ¶¶ 12, 16.) Moreover, partnerships and limited liability companies are citizens of every state of which their owners or members are citizens. *Johnson v. Columbia Props. Advantage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The Complaint fails to adequately plead the citizenship of Defendants Selene Finance, LP and Credit Suisse Securities USA, LLC, a limited liability company, because it does not state the citizenship of all owners and/or members of those Defendants. Accordingly, the Complaint also fails to establish that complete diversity of citizenship exists.

In light of the foregoing, Plaintiff is **ORDERED TO SHOW CAUSE** why this action should not be dismissed for lack of subject matter jurisdiction by no later than **June 4, 2013**.

**IT IS SO ORDERED.**